DETROIT FIRE FIGHTERS ASSOCIATION, LOCAL 344,
INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO v
CITY OF DETROIT

Docket Nos. 109510, 109511. Submitted October 16, 1989, at Detroit.
Decided January 17, 1990.

The City of Detroit and the Detroit Fire Fighters Association,
Local 344, International Association of Fire Fighters, AFL-CIO,
entered a collective bargaining agreement which provided that
Fire Department Tactical Mobile Squads personnel would not
be used to supplement the city's Emergency Medical Service.
When the city diverted TMS personnel to render civilian ambu-
lance services for the EMS, the association submitted a griev-
ance to final and binding arbitration under the parties' agree-
ment. The arbitrator found a clear violation of the agreement,
entered a formal award sustaining the association's grievance,
and required the city to cease and desist from supplementing
the EMS with TMS personnel. The city then brought an action in
the Wayne Circuit Court seeking to vacate the award. The
association also brought an action to enforce the award. The
trial court in both actions, Marvin R. Stempien, J., granted
summary disposition to the association. The city brought two
appeals from the trial court's orders and the appeals were
consolidated by the Court of Appeals.

The Court of Appeals *held:*

The trial court and the arbitrator properly determined that
the city's position was without merit and contrary to the plain
meaning of the parties' agreement.

Affirmed and remanded.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helve-
ston & Waldman, P.C.* (by *Theodore Sachs*), for the
Detroit Fire Fighters Association.

*Donald Pailen,* Corporation Counsel, *Abigail
Elias,* Deputy Corporation Counsel, and *Thomas L.
Walters* and *Terri L. Hayles,* Assistant Corpora-
tion Counsel, for the City of Detroit.

Before: McDONALD, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

PER CURIAM. In this consolidated appeal, the City of Detroit appeals as of right from the trial court's order granting summary disposition to the Detroit Fire Fighters Association, Local 344, International Association of Fire Fighters, AFL-CIO. The trial court concluded that there was no material dispute of fact and, accordingly, the previously issued arbitration award in favor of the association was entitled to be enforced according to its terms.

The underlying dispute concerned the city's diversion in June, 1987, of Fire Department Tactical Mobile Squads (TMS) personnel to render civilian ambulance services for the city's Emergency Medical Service (EMS). The association argued, in part, that this action violated Article 12, § C, of the parties' collective bargaining agreement which provided that "[n]on-civilian personnel of the Detroit Fire Department will not be required to assist in staffing the Emergency Medical Service under any conditions."

The association submitted its grievance to final and binding arbitration under the parties' agreement. The parties selected an arbitrator to decide the dispute and, following an evidentiary hearing and submission of briefs, the arbitrator issued his opinion which included a detailed analysis of the parties' positions and contractual provisions. In relevant part, the arbitrator concluded that there had been a clear violation by the city of Article 12, § C. Based upon the arbitrator's conclusion that there had been a clear violation of the agreement, he entered a formal award sustaining the association's grievance and required the city to immediately cease and desist from supplementing the EMS with the fire department's TMS personnel.

The trial court, in granting summary disposition

in favor of the association, adopted the arbitrator's award and stated the following in its ruling from the bench, which the court incorporated into its subsequent order:

> I looked at his award and I was surprised that there's such a vociferous dispute between the City and the firefighters over this issue when I looked at the language of the contract that the parties agreed to. I thought it was very clear English language myself looking at the contractual provision that's in question here.

The arbitrator and trial court effectively determined that the city's position was without merit and contrary to the plain meaning of the parties' agreement. We agree.

The order granting summary disposition is affirmed and this matter is remanded for proceedings consistent with this opinion. Costs to appellee.